# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M&M CREATIVE LAMINATES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CAMBRIA COMPANY, LLC, ) <br> ) <br> Defendant. ) | Civil Action No. 17-871 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on competing motions, with Plaintiff M&M Creative Laminates, Inc. seeking a preliminary injunction enjoining a lawsuit filed against it by Defendant Cambria Company, LLC, (Docket No. 3), which is now pending in the U.S. District Court for the District of Minnesota at Civ. A. No. 17-2463 and Defendant Cambria Company, LLC's motion seeking a transfer of this matter to the District Court in Le Sueur County, Minnesota, (Docket No. 9).[1] After careful consideration of the parties' motions and the related briefing thereon, (Docket Nos. 4, 10, 12, 13), and consistent with this Court's recent decisions in *Caballero v. Healthcare Resources, Inc.*, Civ. A. No. 17-228, 2017 WL 2909693 (W.D. Pa. Jul. 7, 2017), and *Cypress Ins. Co. v. Mickens Transportation Specialists, et al.*, Civ. A. No. 17-246, 2017 WL 1541892 (W.D. Pa. Apr. 28, 2017), and the authority cited therein, this Court will exercise its broad discretion pursuant to 28 U.S.C. § 1404(a) and transfer this matter to the U.S. District Court for the District of Minnesota where related litigation between these parties is pending. *See e.g., Ogundoju v. Attorney*

---

[1] The Court notes that Plaintiff filed an Amended Complaint on July 28, 2017, (Docket No. 14), and the Court thereafter terminated the related motion to dismiss filed by Defendant. (Docket No. 15).

1

*General of U.S.*, 390 F. App'x 134, 137 n.2 (3d Cir. 2010) (district court has discretion to transfer matter under 1404(a)); *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, ––– U.S. ––––, 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2013) (district court should transfer matter if it is governed by valid forum selection clause); *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220 (3d Cir. 2016) (district court has discretion to transfer case under first filed rule).

In so holding, the Court notes that Plaintiff invokes the "first-filed" rule in an effort to maintain precedence of its lawsuit filed in this Court which it admits involves "similar, if not identical, questions of fact and law," to the Minnesota lawsuit. (Docket No. 4 at 6). But, "[t]he presence of a valid forum selection clause may serve as an 'extraordinary circumstance' that would justify a departure from the first-filed rule." *Samuel T. Freeman & Co. v. Hiam*, Civ. A. No. 12-1387, 2012 WL 2120474, at *7 (E.D. Pa. June 11, 2012). Here, the Court finds that the parties' forum selection clause wherein they agreed that any "claims or disputes relating to the agreements and transactions between the parties shall be in the District Court of Le Sueur County, State of Minnesota," is valid and overrules Plaintiff's position that the agreement is an adhesion contract or that the enforcement of same would violate public policy. *See e.g., Todd Heller, Inc. v. United Parcel Service, Inc.*, 754 A. 2d 689 (Pa. Super. Ct. 2000) ("merely because a contract is a contract of adhesion does not automatically render it unconscionable and unenforceable. … Under [an adhesion] contract, the parties are usually not of equal bargaining power and the weaker party must adhere to the terms of a form contract which are not negotiable. In other words, its terms are not bargained for but rather dictated.") (internal quotation omitted). To the contrary, the credit agreement was one of several documents executed in May of 2009 between two businesses with a supplier-distributor relationship pursuant to which M&M accepted materials from Cambria for the next eight years, on

2

credit, in what M&M describes as a mutually beneficial relationship with it selling over $1,000,000.00 of Cambria's products during 2016 alone, realizing profits of over $400,000.00 from those sales. (*See* Docket No. 1-1 at ¶ 2; 14 at ¶ 83). Insofar as M&M disagreed with the forum selection clause, it had more than an ample opportunity to renegotiate same during the course of its extensive business dealings with Cambria over the past eight years. Hence, the Court does not believe there are any "extraordinary circumstances" which would justify setting aside the otherwise valid forum selection clause in this instance. *See Caballero*, 2017 WL 2909693, at *1 (W.D. Pa. Jul. 7, 2017) (citing *Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 641 (W.D. Pa. 2014)). In fact, there is nothing unreasonable about requiring Plaintiff to litigate its case in a jurisdiction where it has consistently done business for the past 8 years and where it has expressly agreed to litigate issues arising out of this business relationship. *See id.* Given same, the Court concludes that there is no basis to enjoin to the Minnesota litigation and will deny Plaintiff's motion for a preliminary injunction.

With respect to the requested transfer to Minnesota, a district court considering a motion to transfer under § 1404(a) is typically required to balance both private and public interests to determine whether a transfer would be in the interests of justice and convenient for the parties and their witnesses. *See Atl. Marine*, 134 S.Ct. at 581; *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995) (enumerating public and private interests). But, the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system," and therefore, Plaintiff's selected forum of the Court of Common Pleas of Allegheny County, (or this federal forum, to which the action was removed by Defendant), is given "no weight." *Atl. Marine*, 134 S.Ct. at 581. In these situations, this Court has been

3

instructed to not consider the "private" *Jumara* factors and to focus only on those "public" interest factors which militate against enforcement. *Id.* Here, Plaintiff has not claimed that any of the public factors support the requested injunction and did not respond to the transfer motion, aside from filing its Amended Complaint. (Docket Nos. 4; 14). Despite Plaintiff's failure to advance these arguments, the Court has considered each of the public factors *sua sponte* but does not believe that any of them support overturning their agreed upon venue, including, "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine,* 134 S.Ct. at 582. To this end, it appears that both this District and the District of Minnesota have judicial vacancies and significant caseloads; this was an interstate business relationship and not a localized controversy; and the parties agreed that Minnesota law would apply to their disputes. On the last point, both courts are competent to interpret Minnesota law but the District of Minnesota is naturally more familiar with same. All told, the Court concludes that there is no basis to upset the parties' forum selection clause and will enforce their agreement to the extent that they stipulated to a venue in Minnesota.

As a final point, this Court lacks the authority to transfer a case to the state court in Minnesota as Defendant suggests and generally would dismiss, rather than transfer, a case if the parties expressly agreed upon a state forum. *See Caballero,* 2017 WL 2909693, at *2 (citing *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001)). However, based on the status of the federal court litigation in Minnesota, it appears that the parties dispute the scope of the language of the forum selection clause and whether the litigation should proceed in the federal forum, where it was removed by M&M, or if the case should be remanded to state court in

4

Minnesota, as Cambria has argued. *See generally* Civ. A. No. 17-2463 (D. Mn. 2017). The Court believes that it is in the interests of judicial economy for the transferee court in Minnesota to make a single ruling on this disputed issue. *See Cypress Ins.*, 2017 WL 1541892, at *3 ("it is this Court's opinion that it is in the interests of judicial economy for this litigation to proceed before a single District Judge in the appropriate forum."). In this regard, the District Court in Minnesota is not bound by any rulings by this Court and separate decisions on the same matter by different federal district courts could potentially result in conflicting rulings, each separately appealable to different Circuit courts. *See Samuel T. Foreman*, 2012 WL 2120474, at *4 ("it is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals.") (quotation omitted). Indeed, Rule 1 of the Federal Rules of Civil Procedure strongly counsels this Court to avoid such a situation. *See* FED. R. CIV. P. 1 (these Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, the Court will transfer this matter to the District of Minnesota.

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Transfer [9] is GRANTED, IN PART, and, pursuant to 28 U.S.C. § 1404(a), this matter shall be transferred, forthwith, to the U.S. District Court for the District of Minnesota and marked as related to the pending case between the same parties at Civ. A. No. 17-2463.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction [3] is DENIED; and,

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: July 31, 2017
cc/ecf: All counsel of record
Clerk of Court, U.S. District Court for the District of Minnesota